IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ahmad S. Mrad,                                     :
                              Appellant  :
                                                          :
        v.                               : No.  346 C.D. 2023
                                         : Submitted:  December 4, 2023
Altoona City Code Department             :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                  HONORABLE STACY WALLACE, Judge
                  HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                              FILED:  January 19, 2024


        Ahmad S. Mrad (Mrad) appeals from the order of the Court of Common Pleas
of Blair County (trial court) dated January 17, 2023, and entered on January 24,
2023, granting the Altoona City Code Department's (Code Department) preliminary
objections (Preliminary Objections) and dismissing Mrad's complaint (Complaint)
without prejudice.  On appeal, Mrad argues the trial court should have granted him
a default judgment because the Code Department did not timely file its Preliminary
Objections.  Upon review, we affirm.

## I.      Background

        On November 23, 2022, Mrad filed the Complaint in the trial court against the
Code Department seeking compensation for the Code Department's demolition of a
residential property he owned at 1616 3rd Street, Altoona, Pennsylvania 16601

(Property). *See* Original Record (O.R.), Item No. 1. A Deputy with the Blair County Sheriff's Office served Mrad's Complaint on the Code Department on December 9, 2022. O.R., Item No. 6. On December 30, 2022, the Code Department filed the Preliminary Objections, asserting the trial court should dismiss Mrad's Complaint because it did not state a claim upon which relief could be granted and lacked sufficient specificity. O.R., Item No. 8. The Preliminary Objections also asserted governmental immunity insulated the Code Department from any potential claims relating to its demolition on the Property. *Id.*

After reviewing Mrad's Complaint, the Preliminary Objections, and the Code Department's supporting memorandum of law, the trial court determined Mrad's "Complaint fails to state a sufficient legal and factual basis for his requested relief." *See* O.R., Item No. 9. As a result, the trial court dismissed Mrad's Complaint without prejudice. *Id.* Mrad appealed the trial court's order to this Court.[1] On appeal, Mrad raised only one question for our review: whether the Code Department filed its Preliminary Objections in a timely manner.

## II.    Analysis

In reviewing an order sustaining preliminary objections to the legal sufficiency of a pleading, our "standard of review . . . is *de novo*, and our scope of review is plenary." *Raynor v. D'Annunzio*, 243 A.3d 41, 52 (Pa. 2020). Pennsylvania Rule of Civil Procedure 1026(a) (Rule 1026(a)) provides that "every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading." Pa.R.Civ.P. 1026(a). Preliminary objections are pleadings. *See* Pa.R.Civ.P. 1017(a)(4).

---

[1] Mrad originally appealed to the Superior Court. However, by order filed March 3, 2023, the Superior Court transferred the matter to this Court.

2

When a defendant does not file a responsive pleading within Rule 1026(a)'s 20-day time period, the defendant is in default. *See* Pa.R.Civ.P. 237.1, 1037. When a defendant is in default and the plaintiff wishes to obtain a default judgment, the plaintiff must provide written notice of his intention to do so at least 10 days before filing a praecipe for a default judgment. *See* Pa.R.Civ.P. 237.1(2)(ii). If the defendant does not file a responsive pleading within 10 days of the plaintiff's notice, the plaintiff may obtain a default judgment against the defendant by filing a praecipe for a default judgment. *See* Pa.R.Civ.P. 1037. A defendant may, however, cure his default by filing a responsive pleading at any time before the plaintiff files a praecipe to enter a default judgment. *See Mazur v. Cuthbert*, 186 A.3d 490, 497 (Pa. Cmwlth. 2018).

In *Mazur*, the defendant did not file a responsive pleading to the plaintiff's complaint within Rule 1026(a)'s 20-day time period. *Id.* at 496. The plaintiff in *Mazur* served the defendant with a 10-day notice of her intention to seek entry of a default judgment. *Id.* The defendant responded by quickly filing preliminary objections to the original complaint. *Id.* A total of 25 days passed between service of the complaint and the defendant's filing of preliminary objections. *Id.* The trial court ultimately sustained the defendant's preliminary objections. *Id.* On appeal, the plaintiff argued the trial court erred in sustaining the defendant's preliminary objections because the defendant filed them beyond Rule 1026(a)'s 20-day time period. *Id.*

In *Mazur*, we rejected the plaintiff's argument, noting that "[o]nce [the defendant's] preliminary objections were filed, which occurred before the filing of a praecipe to enter a default judgment, [the defendant] was no longer in default." *Mazur*, 186 A.3d at 497 (citations omitted). In *Mazur*, this Court also explained it

"has previously noted that the 20-day pleading requirement has not been strictly enforced, that said rule is not mandatory but permissive, and that common pleas courts are afforded discretion in accepting late pleadings in the absence of prejudice and where justice so requires." *Id*. (citation omitted).

Here, the Code Department admits it filed the Preliminary Objections 21 days after being served with Mrad's Complaint. In the single day the Code Department was in default, Mrad took no steps to serve the Code Department with notice of his intention to pursue a default judgment. Nor did Mrad file any response to the Code Department's Preliminary Objections. Like the defendant in *Mazur*, the Code Department's filing of the Preliminary Objections before Mrad filed a praecipe for a default judgment cured the Code Department's default. *See id.* Therefore, like in *Mazur*, we reject Mrad's argument the trial court erred in granting the Preliminary Objections simply because the Code Department filed them beyond Rule 1026(a)'s 20-day time period. *See id*. at 496-97.

### III.    Conclusion

For the reasons set forth above, we affirm the trial court's order granting the Code Department's Preliminary Objections and dismissing Mrad's Complaint without prejudice.

_____
STACY WALLACE, Judge

4

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ahmad S. Mrad,                              :
                Appellant :
                                 :
        v.                     : No.  346 C.D. 2023
                                 :
Altoona City Code Department     :

# **O R D E R**

     **AND NOW**, this 19th day of January 2024, the order entered on January 24, 2023, by the Court of Common Pleas of Blair County is hereby **AFFIRMED**.


                                 _____
                                 STACY WALLACE, Judge